CORWIN (UNITED STATES v.). See Case No. 14,870.

CORWINE (UNITED STATES v.). See Case No. 14,871.

## Case No. 3,260.

### CORY v. CLARK.

[2 N. J. Law J. 122.]

District Court, D. New Jersey. Feb. Term, 1879.

SUIT BY ASSIGNEE IN BANKRUPTCY—ACCOUNTING—RECEIVER—PAYMENT OF PARTNERSHIP DEBTS.

1. Upon a bill filed by an assignee in bankruptcy of two insolvent partners, for an account and a receiver, against the only solvent partner, a receiver will be appointed, but the bill for an account will be retained until the receiver has reported a settlement of all other demands against the partnership, and then an account will be taken, if desired.

2. The principle is settled that one partner cannot claim or receive from the assets of the partnership payment of a debt due to him in the course of the business, until all the other partnership debts are paid.

[Bill in equity by Cory, assignee of Watson & Twitchell, bankrupts, against Clark, praying the appointment of a receiver and for an account.]

NIXON, District Judge. The bill was filed in this case by the assignee of the two bankrupt partners against the solvent partner of a firm, for an account and for a receiver. The counsel for the defendant consenting, a receiver was forthwith appointed by the court, and was ordered to take charge of the partnership estate and assets, to reduce the same to money with all convenient despatch, and the creditors were directed to verify and file their claims against the late firm with him. It appears from the bill, answer and proofs, that the firm of Watson & Twitchell was organized and commenced business May 12, 1868. It was engaged in the manufacture of wooden packing boxes and the general retail lumber trade. Anson G. Phelps Dodge of New York was a special partner, furnishing capital to the amount of $50,000. At the end of five years, to wit, May 1, 1873, a dissolution of the partnership took place. It was reckoned solvent at the time, although its indebtedness was nearly or quite $150,000. The terms of the dissolution were substantially that Dodge was to have and receive all the property and assets of the late firm, in consideration of which he was to assume all its debts and liabilities, to pay in cash to Watson & Twitchell each the sum of $8,000 on account of their interest therein, and upon a final settlement of the business whatever additional sum they would be entitled to out of the net profits of the late co-partnership. The name of the firm, Watson & Twitchell, was to be used in the liquidation of its affairs by the said Watson & Twitchell, whose duty it was to collect all debts and pay all claims, and to account to Dodge for all moneys collected and remaining in their

hands after the payment of the liabilities of the firm. An agreement under seal was formally executed by the parties to the foregoing effect, in which Watson & Twitchell conveyed and transferred all their interest in the assets of the firm to Dodge, and acknowledged the receipt in cash of the sum of $8,000 paid to each by Dodge.

Mr. Dodge thus retiring on the 1st of May, 1873, the partnership of Watson, Twitchell & Clark was formed. Written articles were entered into by the parties, stipulating that it was to continue for five years from that date, and to have a cash capital of $32,000, Watson and Twitchell each contributing $8,000, and Clark $16,000. The expenses of carrying on the business, and the profits and losses, were to be borne and shared by the partners in the following ratio, to wit, seven-twentieths by said Watson, seven-twentieths by Twitchell, and six-twentieths by Clark, and legal interest was to be paid on all the capital before any account was to be taken of profits or losses in the business. It is proper to observe in passing that the amount of cash capital put in by Clark, as it appears by the answer and the evidence, was in fact $17,000. Lumber and other property of the old firm of Watson & Twitchell, and then in their hands as the agents of the special partner, Dodge, of the appraised value of upwards of $95,000, was transferred to the new firm of Watson, Twitchell & Clark, upon which payments were made from time to time to the amount of about $80,000. After carrying on the business a year, it became manifest that Watson & Twitchell would not be able to meet their liabilities arising from losses sustained in the former partnership. In the beginning of August, 1874, a petition in bankruptcy was filed against them, and on the 18th day of that month they were adjudged bankrupts by this court, and the complainant was appointed their assignee. The bankruptcy dissolved the partnership, and the assignee of the two bankrupt partners has brought this suit against the solvent partner, praying for a receiver and for an account, and claiming that there is due to him from Watson, Twitchell & Clark about $15,000, the sum remaining unpaid upon the above stated transfer of property to the new firm.

I think it is quite clear, upon the case made, that the complainant properly asked for the appointment of a receiver, and also that he is entitled to an account, and that it is equally clear that he is not in a position to demand from the assets of Watson, Twitchell & Clark, before an account, the payment of the balance due on the consideration for the property transferred.

This is a proceeding in equity, and it is the duty of the court to look at all the equitable rights of the parties. The $33,000 cash capital paid in has been sunk, and fourteen-twentieths of the loss, by the terms of the partnership, were to fall upon Watson &

Twitchell, and six-twentieths upon Clark. Stripped of all accidental and incidental qualities, this is in truth a suit between the partners for the adjustment of their liabilities to each other, and the principle is settled that one partner cannot claim or receive from the assets of the partnership moneys for a debt due to him in the course of the partnership business until all the other partnership debts are paid. Whether Dodge, the special partner of the old firm, can maintain an action against Clark, the only solvent partner of the new firm, I do not consider, as that question does not arise here. But the property was left in the hands of Watson & Twitchell to be disposed of, and its proceeds accounted for to Mr. Dodge, and the disposition which they thought proper to make of it was to put it into the new partnership as assets, and, on the controversy arising between the partners, the court will not permit it or its value to be taken out, by decree or otherwise, until all other claims against the partnership have been settled by the receiver. The bill will be retained, and the receiver be directed to proceed with the settlement of all duly authenticated demands, not including, however, this claim of the assignee. When he reports a settlement, if the parties cannot come to an account, the court will order one in the pending suit.